FILED & ENTERED

JAN 18 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EDMUND CASTILLO and ETHEL C. CASTILLO,<br><br>Debtors. | Case No. 2:12-bk-50300-RK<br><br>Chapter 7<br><br>ORDER DENYING DEBTORS' MOTION FOR ORDER GRANTING LEAVE TO AMEND CHAPTER 7 SCHEDULES AND MASTER CREDITOR LIST BY ADDING CREDITORS |

    Pending before the court is the motion of Edmund and Ethel Castillo ("Debtors") motion for order granting leave to amend Chapter 7 Schedules and Master Creditor List to add creditors. Electronic Case Filing Number ("ECF") 52, filed on December 2, 2016. Having considered the moving papers and the arguments of Debtors at the hearing held on the motion on January 3, 2017, the court denies the motion.

    On December 7, 2012, Debtors commenced this bankruptcy case by filing their voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. This case is a "no asset" Chapter 7 bankruptcy case with no claims bar date as indicated by the

1 notice sent to creditors by the court on December 7, 2012, ECF 2, telling them not to file
2 a proof of claim since there does not appear to be any property available to the Chapter 7
3 Trustee to pay creditors pursuant to Federal Rule of Bankruptcy Procedure 2002(e) and
4 no deadline or bar date would be set for filing proofs of claim.  The bankruptcy case was
5 fully administered by the Chapter 7 Trustee, who later filed a "no distribution" (or no
6 asset) report on January 23, 2013 as noted on the case docket.  The court entered a
7 Chapter 7 discharge of debtors on March 18, 2013, ECF 18, and closed the case
8 thereafter on March 29, 2013, ECF 20.
9      On July 25, 2016, Debtors filed their motion to reopen this bankruptcy case "to
10 permit Debtor to seek relief for violation of the discharge injunction."  ECF 21.  The court
11 issued an order setting the motion to reopen the case for hearing on August 18, 2016,
12 ECF 22, and the court granted the motion to reopen the case by a written order filed and
13 entered on September 15, 2016.  ECF 26.
14      Although it may have been appropriate to reopen the case in order to determine
15 whether certain creditors violated the discharge injunction to accord relief to Debtors
16 under 11 U.S.C. § 350(b), the court should not grant the motion to amend Debtors'
17 bankruptcy schedules and master creditor list in this "no asset, no bar date" Chapter 7
18 bankruptcy case.  Amending the schedules is unnecessary in a "no asset, no bar date"
19 Chapter 7 bankruptcy case, such as this one, because if the omitted debt is
20 dischargeable under 11 U.S.C. § 523(a)(3)(A), it was already discharged under 11 U.S.C.
21 § 727; if the debt is non-dischargeable under 11 U.S.C. § 523(a)(3)(B), it was not
22 discharged.  *Id.*  As held by the United States Court of Appeals for the Ninth Circuit in *In
23 re Beezley,* amending the schedules to add omitted debts and creditors does nothing in
24 this situation.  *In re Beezley,* 994 F.2d 1433, 1434 (9th Cir. 1993); *see also,* 4 March,
25 Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 23:133 at 23-17 (2015).
26 Because decisions of the United States Court of Appeals for the Ninth Circuit, such as *In
27 re Beezley,* are controlling on this court, the court should deny the motion.
28

1     Accordingly, the court denies Debtors' motion to amend schedules and master creditor list.

**IT IS SO ORDERED**.

###

Date: January 18, 2017

_____
Robert Kwan
United States Bankruptcy Judge