

FILED & ENTERED

JAN 18 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:12-bk-50300-RK |
| EDMUND CASTILLO AND ETHEL C. CASTILLO, | Chapter 7 |
| Debtors. | ORDER DENYING DEBTORS' MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13 |

    Pending before the court is the motion of Debtors Edmund and Ethel Castillo ("Debtors") to convert this case from Chapter 7 to Chapter 13. Electronic Case Filing Number ("ECF") 44, filed on November 21, 2016. Having considered the moving papers and the oral arguments of the Debtors at the hearing held on January 3, 2017 at 2:30 p.m., the court denies the motion.

    On December 7, 2012, Debtors commenced this bankruptcy case by filing their voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. The case was a "no asset" Chapter 7 bankruptcy case with no claims bar date as indicated by the

1  notice sent to creditors by the court on December 7, 2012, ECF 2, telling them not to file
2  a proof of claim since there does not appear to be any property available to the Chapter 7
3  Trustee to pay creditors pursuant to Federal Rule of Bankruptcy Procedure 2002(e) and
4  no deadline or bar date would be set for filing proofs of claim.  The bankruptcy case was
5  fully administered by the Chapter 7 Trustee, who later filed a "no distribution" (or no
6  asset) report on January 23, 2013 as noted on the case docket.  The court entered a
7  Chapter 7 discharge of Debtors on March 18, 2013, ECF 18, and closed the case on
8  March 29, 2013 thereafter.  ECF 20.
9       On July 25, 2016, Debtors filed their motion to reopen this bankruptcy case "to
10 permit Debtor to seek relief for violation of the discharge injunction."  ECF 21.  The court
11 set the motion to reopen the case for hearing on August 18, 2016, ECF 22, and granted
12 the motion to reopen the case by a written order filed and entered on September 15,
13 2016.  ECF 26.
14      The motion to convert should be denied because the record indicates that Debtors
15 are not eligible for relief under Chapter 13 because they do not have excess income to
16 make monthly payments in a Chapter 13 plan as their bankruptcy schedules show no net
17 monthly income.  Schedule I-Current Income of Individual Debtor(s) and Schedule J-
18 Current Expenditures of Individual Debtor(s), ECF 9, filed on December 21, 2012, at 16-
19 17 (showing negative monthly net income of $2,074.00) ; 11 U.S.C. §§ 101(30), 109(e)
20 and 706(d).  The moving papers only consisted of the court's check box form motion, F
21 1017-1.1.MOTION.DEBTOR.CONVERT, and did not contain any legal memorandum of
22 points and authorities or any evidence in support of the motion.  ECF 44.  Thus, the only
23 information in the record regarding Debtor's income eligibility under Chapter 13 was their
24 income and expense schedules.  ECF 9 at 16-17.  As 11 U.S.C. § 706(d) provides,
25 "[n]otwithstanding any other provision of this section, a case may not be converted to a
26 case under another chapter of this title unless the debtor may be a debtor under such
27 chapter."  *See also, Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 372-373
28

2

1  (2007)(a Chapter 7 bankruptcy debtor's right to convert to Chapter 13 is expressly

2  conditioned under 11 U.S.C. § 706(d) on ability to qualify as a debtor under Chapter 13).

3  In order for a debtor to qualify as a debtor under Chapter 13, a debtor must have

4  sufficient income to make the payments called for under a plan under Chapter 13.  11

5  U.S.C. §§ 101(30) and 109(e); *see also, In re Terry,* 630 F.2d 634, 635 (8th Cir. 1980); *In*

6  *re Ludwig,* 411 B.R. 632, 635 (Bankr. N.D. Iowa 2008); *In re Bradley*, 18 B.R. 105, 106

7  (Bankr. D. Vt. 1982) (debtors must demonstrate that they have or will have income

8  sufficient to make payments called for by the plan), *citing inter alia, In re Mozer,* 1 B.R.

9  350, 352 (Bankr. D. Colo. 1979); *see also, Marrama v. Citizens Bank of Massachusetts*,

10 549 U.S. at 372 (a debtor's right to convert a Chapter 7 case to another chapter of the

11 Bankruptcy Code under 11 U.S.C. § 706(a) is not absolute as debtor must be eligible for

12 the other chapter as expressly conditioned by 11 U.S.C. § 706(d)).  Thus, Debtors who

13 do not have sufficient income to make payments called for under a plan, as here, are

14 ineligible for Chapter 13.  *Id.*

15       It also appears that Debtors cannot show that conversion to Chapter 13 is in good

16 faith since they have not demonstrated that they have any excess income to make

17 Chapter 13 plan payments and appear to be motivated by trying to stop the actions of

18 their secured creditor from foreclosing a reinstated trust deed, which the creditor had

19 shown in a state court action was fraudulently released and indicates that the motivation

20 for the Chapter 13 conversion request was to defeat the state court litigation brought by

21 the secured creditor.  Opposition of Wilmington Trust, NA, as Trustee, etc., to Debtor's

22 Motion to Hold It in Contempt and for Sanctions, ECF 40, filed on November 4, 2016, and

23 Exhibit 5 attached thereto (state court order filed on August 17, 2016, granting

24 Wilmington Trust, NA, summary judgment, finding Debtor Edmund Castillo recorded a

25 forged reconveyance of trust deed purportedly to "revoke" and reconvey Wilmington

26 Trust's trust deed and lien to secure its real property loan on Debtors' property); *see, In*

27 *re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999); *see also, In re Santos,* __ B.R. ___, 2017

28

WL 129901, No. 6:13-bk-13557 MH Chapter 7 (Bankr. C.D. Cal. 2017) (memorandum decision and order denying debtors' motion to convert to Chapter 13 based on finding cause to convert or dismiss Chapter 13 case under 11 U.S.C. § 1307(c) if motion granted)(copy available on the court's website under judicial opinions), slip op. at *4-6, *citing inter alia, Marrama v. Citizens Bank of Massachusetts,* 549 U.S. at 365.  As noted previously, the motion to convert does not include any legal memorandum of points and authorities and did not state a reason for the motion, ECF 44, but Debtor Edmund Castillo in his motion to reopen the case, ECF 21, stating that he sought to reopen the case to amend the bankruptcy schedules to add lien creditors and to file a motion to avoid lien of the secured lender, or alternatively, to file a motion to convert the case to Chapter 13. Debtors have not provided any good faith reason for converting this case to Chapter 13 because they do not intend to pay claims of their unsecured creditors as there are no meaningful debts to be paid as such debts were discharged by the Chapter 7 discharge previously entered in this case and Debtors' only stated reason for converting to Chapter 13 is to avoid the lien of the secured creditor determined in the state court litigation to be valid after determining that Debtor Edmund Castillo had recorded a forged reconveyance of its trust deed to illegally release the lien arising from the trust deed, which is just a collateral attack on the state court judgment in that litigation, is not a good faith reason to convert to Chapter 13.  *In re Santos,* __ B.R. ___, 2017 WL 129901, No. 6:13-bk-13557 MH Chapter 7, slip op. at *3, *citing inter alia, In re Starling,* 359 B.R. 901, 911 (Bankr. N.D. Ill. 2007).

  To the extent that Debtors seek relief that the secured creditor is collecting its claim in violation of the Chapter 7 discharge injunction in this case, that relief is being considered in the contested matter of Debtors' motion for contempt, which is now set for an evidentiary hearing, and thus, there is no demonstrated good faith reason for conversion of the case to Chapter 13.   Moreover, prepetition creditors would be prejudiced if this Chapter 7 bankruptcy case were converted to Chapter 13 since the case

has been fully administered and long closed, prepetition creditors have been told that prepetition debts have been discharged four years ago and they have not been able to take any collection action for at least this time, and they would be now told that Debtors would pay debts under a Chapter 13 plan where they have not shown that they have the means to make any payments under a plan since their schedules do not show any monthly net income.

For the foregoing reasons, the court denies the motion to convert.

IT IS SO ORDERED.

###

Date: January 18, 2017

Robert Kwan
United States Bankruptcy Judge